UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIAN TREVOR SYKES,

     Plaintiff,

v.

TIM DONNELLON, A. MILLER, and
CORIZON HEALTH CORPORATION,

     Defendants.

_____/

Case No. 2:20-cv-10689
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

## **REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO DISMISS (ECF No. 31)**

### I.  Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  On May 14,

2020, plaintiff Dorian Sykes, proceeding *pro se* filed an amended complaint,

alleging that defendants St. Clair County Sheriff Tim Donnellon, Officer A. Miller,

and Corizon Health Corporation violated his constitutional rights.[1]  (ECF No. 10).

Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned.

(ECF No. 42).  Donnellon and Miller have moved to dismiss all claims under 28

---

[1] Sykes named Jail Administrator Tracy Decaussin in his original complaint but not
in his amended complaint.  Accordingly, Decaussin was terminated from the case.
*See* ECF No. 15.

U.S.C. § 1915(g) and Federal Rule of Civil Procedure 41(b) based on Sykes'

alleged abuse of process in not identifying his prior litigation in the complaint or

amended complaint on the form complaint provided to prisoners.  (ECF No. 31).[2]

For the reasons that follow, the undersigned recommends that defendants' motion

be **DENIED**.

## II.  Background

Sykes filed his complaint in this matter on March 13, 2020, and filed an

amended complaint as of right on May 14, 2020.  (ECF Nos. 1, 10).  He is

proceeding *in forma pauperis* under 28 U.S.C. § 1915.  (ECF No. 4).  He alleges

that he suffered a neck injury as a passenger in the St. Clair County Jail transport

van after Miller, who was driving the van, slammed on the brakes due to traffic.

(ECF No. 10, PageID.51).  Miller allegedly failed to assist Sykes in fastening his

seatbelt, which Sykes was unable to do alone due to his restraints, and then drove

the van recklessly and above the speed limit prior to the incident.  (*Id*.).  This

caused Sykes to be thrown to the floor of the van.  (*Id*.).  Sykes further alleges that

he was not seen by medical staff for his injuries until he was transferred to a

different facility over a month later.  (ECF No. 10, PageID.55).  He asserts that

---

[2] Corizon Health Corporation filed a motion to dismiss, ECF No. 24, which will be the subject of a separate Report and Recommendation.

Miller is liable for automobile negligence and deliberate indifference, and that Donnellon, as the St. Clair County Sheriff, is liable as well.  (ECF No. 10).

Both the complaint and the amended complaint were made on the same form document that is provided by the jail.  The form contains a section "VIII. Previous Lawsuits," which inquires whether a prisoner bringing suit has had a case dismissed based on the "three strikes rule" under 28 U.S.C. § 1915(g); has filed other lawsuits with the same facts as the current suit; or has filed other lawsuits "otherwise relating to the conditions of your imprisonment."  (ECF No. 10, PageID.61-62).  Sykes answered "No" to all three questions.  (*Id.*).  Defendants argue that for the first of these questions, Sykes was required to disclose any previous lawsuit that would count as a "strike" under 28 U.S.C. § 1915(g), of which Sykes has two.[3]  Sykes responds that when answering the questions to the best of his knowledge, he did not have any cases that were dismissed based on the three strikes rule, that the cases cited by defendants are over ten years old while serving a prior term of imprisonment, and that he did not deliberately attempt to mislead the court.

---

[3] *Sykes v. BOP*, 07-CV-1004 (W.D. La. 9/27/07) (dismissed as frivolous and for failing to state a claim) and *Sykes v. BOP*, 5:09-cv-389-Oc22GRJ (M.D. Fl. 10/20/09) (dismissed for failing to disclose previous federal cases, and specifically stated to constitute a "strike" under 28 U.S.C. § 1915(g)).

For the reasons that follow, the undersigned finds that Sykes did not fail to disclose cases falling under the criteria required by the form complaint, and even if he did, there was no intent to abuse the judicial process or mislead the court, making the sanction of dismissal inappropriate here.  Thus, the undersigned recommends that defendants' motion to dismiss be denied.

### III.  Standards for Dismissal

Defendants move for dismissal under 28 U.S.C. § 1915(g) and Federal Rule of Civil Procedure 41(b).  (ECF No. 31, PageID.135).  28 U.S.C. § 1915(g), commonly referred to as the "three strikes rule," states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Rule 41(b) allows a defendant to move for dismissal when "the plaintiff fails to prosecute or to comply with these rules or a court order."

### IV.  Analysis

At the onset, defendants have not shown that the authority they cite to dismiss Sykes' complaint supports their grounds for dismissal.  28 U.S.C. § 1915(g) provides authority to dismiss an action where the prisoner has three or more prior cases dismissed as frivolous, malicious, or for failure to state a claim

4

(commonly known as "strikes"); however, defendants have identified, at most, two cases that would qualify as strikes under this provision. *See supra* n.1. Thus, section 1915(g) does not appear to provide authority to dismiss the action.

As to Rule 41(b), this rule provides for involuntary dismissal where a plaintiff fails to prosecute their case or fails to comply with these rules or a court order. The Court interprets "these rules" to mean the Federal Rules of Civil Procedure, of which defendants have not alleged a failure to comply; nor have defendants alleged a failure to prosecute or the violation of a court order. Moreover, the authority defendants cite is not on point. Defendants cite *Robinson v. Ionia Corr. Facility Med. Staff*, No. 1:15-CV-1114, 2017 WL 3841862 (W.D. Mich. Aug. 1, 2017), *report and recommendation adopted,* No. 1:15-CV-1114, 2017 WL 3840025 (W.D. Mich. Sept. 1, 2017) in support of a Rule 41(b) dismissal, but in *Robinson* the court recommended dismissal of plaintiff's action as a *sanction* for filing an action under a false identity and perpetrating a fraud upon the court. In the alternative, the court in *Robinson* recommended dismissal under Rule 41(b) for failure to prosecute. Here, there has been no explicit request for sanctions, nor has there been an accusation of Sykes' failure to prosecute.

To the extent defendants may be seeking a sanction of dismissal under Rule

11, their motion would still fail.[4]  Defendants specifically challenge Sykes'

response of "No" to the first question under section VIII of the complaint and

amended complaint.  (ECF No. 31, PageID.144-45).  That question reads: "To the

best of your knowledge, have you had a case dismissed based on this 'three strikes

rule'?"  (*Id*.).  Defendants fault Sykes for failing to disclose that he has had two

prior cases dismissed for reasons that would qualify as strikes.  But by the plain

language of the question, Sykes is required to list only cases that were dismissed

due to the three strikes rule, not cases that would count as strikes.  As there is no

evidence that Sykes has three or more strikes, he would presumably have no cases

that were dismissed for that reason.  As such, defendants have failed to show that

his response in the negative was inaccurate.

It is unclear whether defendants challenge Sykes' responses to the other

questions regarding prior cases, but the Court finds no indication of error in those

responses either.  The form complaint required Sykes to state whether he had filed

---

[4] Courts in other jurisdictions has dismissed section 1983 suits from prisoners
proceeding *pro se* and *in forma pauperis* as a sanction under Federal Rule of Civil
Procedure 11(b)(3) where plaintiffs have made false statements regarding their
prior cases.  *See Albright v. Holden*, 99 F.3d 1145 (9th Cir. 1996) (finding no clear
error in the district court's determination that plaintiff's statement was deliberately
false); *Scott v. Babik*, No. 2:04-CV-29, 2006 WL 374504, at *2 (W.D. Mich. Feb.
17, 2006) (citing *Albright* and finding mention of plaintiff's prior suit against
defendants "conspicuously absent" from mandatory disclosure).

other lawsuits "dealing with the same facts involved in this action" or "relating to the conditions of [his] imprisonment." (ECF No. 10, PageID.61-62). Sykes responded in the negative to both, and defendants have not presented the Court with evidence of an action where Sykes has sued based on the facts outlined in the present matter or relating to his imprisonment at the St. Clair County Jail. (*Id*.).

Defendants cite three cases providing authority to dismiss a case for failure to disclose previous lawsuits, but only one cited case is from the Sixth Circuit, and all are distinguishable from this case. In *Scott v. Babik*, No. 2:04-CV-29, 2006 WL 374504 (W.D. Mich. Feb. 17, 2006), a case from the Western District of Michigan, a prisoner and "experienced *pro se* litigator" omitted two prior lawsuits from his complaint. *Scott*, at *1. But these omitted cases "both mirror[ed] the factual predicate of the instant Complaint" and contained shared defendants. Here, defendants have shown no prior case based on the same facts, the same term of imprisonment, or with the same defendants as this case. Thus, presuming that the complaint forms were identical, the omission of cases in *Scott* was a misrepresentation, but defendants have failed to show a similar misrepresentation here.

Defendants also cite *Albright v. Holden*, 99 F.3d 1145 (9th Cir. 1996), and *Pinson v. Grimes*, 391 F. App'x 797 (11th Cir. 2010). In *Pinson*, the plaintiff was required to state whether he had "initiated other actions ... in either state or federal

7

court that relate[d] to the fact or manner of [his] incarceration (including habeas corpus petitions) or the conditions of [his] confinement"; he listed two cases, but should have listed at least two others.  *Pinson*, at 799.  However, in *Pinson* the two omitted cases were initiated within a month of the complaint at issue.  *Id*.  The language at issue in *Pinson* required notice of cases related to the manner of the present incarceration or the conditions of the present confinement, as it does here as well, and Sykes' omitted cases do not relate to the incarceration or confinement at issue, as they are each over ten years old and were from his prior term of incarceration.

*Albright v. Holden* is an unpublished Ninth Circuit case containing little factual detail, but in that matter, the plaintiff was again required to state whether he had filed prior lawsuits *related to his imprisonment*.  The applicability of *Albright* to the present matter is unclear, and defendants only explain that it "affirm[ed] dismissal of a complaint without prejudice when prisoner failed to provide information about previous lawsuits."  (ECF No. 31, PageID.147).  There is no indication that the court in *Albright* required information on all previous lawsuits filed by a prisoner, only those that met certain criteria.  As the Court has explained, Sykes does not appear to have omitted any case meeting the criteria required by the complaint form.  Further, none of the authority cited by defendants require a

8

prisoner to disclose prior cases that qualify as "strikes" under the three strikes rule, as defendants ask the Court to require of Sykes.

Defendants also cite, and attach, an order from one of the cases involving Sykes which they contend he should have disclosed.  (ECF No. 31-3).  In that matter, from the Middle District of Florida, the court noted that the complaint form required Sykes to disclose "ALL" prior civil cases, as well as those that were dismissed in federal court as "frivolous, malicious, failing to state a claim, or prior to service."  (*Id*., PageID.155).  The court ruled that Sykes' omissions were an abuse of the judicial process that warranted dismissal of the complaint as an appropriate sanction.  (*Id*., PageID. 156-157).  Defendants contend that Sykes' omissions here were not a mere oversight, given that this 2009 Florida lawsuit was dismissed for the very same reason.  But they fail to note that the requirements of the complaint form applicable to Sykes' Florida case were different than those here.  The form on which Sykes filed the present complaint does not require disclosure of all prior civil cases, nor does it require disclosure of cases dismissed as frivolous, malicious, or for other reasons that would qualify as a "strike."  Like *Scott*, *Pinson*, and *Albright*, Sykes' dismissal from the Middle District of Florida matter has no application here.

Lastly, had there been an omission of cases of which disclosure was required, the undersigned is not convinced that this was done knowingly, or that

9

dismissal would be the appropriate sanction.  Of note, subsequent to defendants'
motion to dismiss this matter, Sykes has filed two other suits against other entities
using the same complaint form, and in each he identified the two strikes that
defendants allege were omitted here.  *See Sykes v. County of Genessee*, *et al*., 20-
13361; *Sykes v. County of Saginaw*, *et al*., 20-13362.  In his response to the present
motion, Sykes accurately states that he does not have three strikes, and that the
cases referred to by defendants were over ten years old when he was serving a
different prison term.  (ECF No. 36, PageID.198).  Sykes further asserts that he did
not deliberately attempt to mislead the Court, and that his knowledge of those
cases "is not the best."  Due to the lapse of time between the cited cases and this
complaint, and the fact that Sykes has not been shown to have three strikes on his
record, the undersigned is inclined to believe that this omission (to the extent that
an omission occurred) was not made knowingly and that the questions in the
complaint form were answered to the best of Sykes' knowledge.  Even if
defendants' motion had merit, the harsh sanction of dismissal would not be
warranted.  Thus, the Court recommends that defendants' motion to dismiss be
denied.

## V.  Conclusion

Accordingly, for the reasons stated above, the undersigned recommends that
defendants' motion to dismiss (ECF No. 31) be **DENIED**.

10

Dated: January 20, 2021                     s/Kimberly G. Altman
Detroit, Michigan                           KIMBERLY G. ALTMAN
                                            United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections,

11

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 20, 2021.

s/Marie E. Verlinde
MARIE E. VERLINDE
Case Manager

12