UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIAN TREVOR SYKES,

    Plaintiff,

v.

TIM DONNELLON, A. MILLER, and
CORIZON HEALTH CORPORATION,

    Defendants.

Case No. 2:20-cv-10689
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS (ECF No. 24) AND DENY PLAINTIFF'S MOTIONS FOR CLARIFICATION ON *MONELL* CLAIMS (ECF No. 47) AND FOR LEAVE TO AMEND (ECF No. 51)**

I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. On May 14, 2020, plaintiff Dorian Sykes, proceeding *pro se* filed an amended complaint, alleging that defendants St. Clair County Sheriff Tim Donnellon, Officer A. Miller, and Corizon Health Corporation violated his constitutional rights.[1] (ECF No. 10).

---

[1] Sykes named Jail Administrator Tracy Decaussin in his original complaint but not in his amended complaint. Accordingly, Decaussin was terminated from the case. *See* ECF No. 15. Donnellon and Miller have also moved for dismissal based on an abuse of judicial process (ECF No. 31), and the undersigned issued a report and recommendation recommending that the motion be denied. (ECF No. 50).

1

Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned (ECF No. 42). Corizon now moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 24). In addition to his response, Sykes has moved separately to clarify his stance on defendants' *Monell* claims, presumably in relation to Corizon's present motion. (ECF No. 47). Sykes has also moved for leave to file a second amended complaint, adding additional claims against Corizon and new claims against Corizon employee K. Cheslik, RN-HSA and St. Clair County. (ECF No. 51). For the reasons that follow, the undersigned recommends that Corizon's motion be **GRANTED** and that Sykes' motions be **DENIED**.

## II. Background

Sykes filed his complaint in this matter on March 13, 2020, and filed an amended complaint as of right on May 14, 2020. (ECF Nos. 1, 10). He alleges that he suffered a neck injury as a passenger in the St. Clair County Jail transport van on February 18, 2020 after Miller, who was driving the van, slammed on the brakes due to traffic. (ECF No. 10, PageID.51). Miller allegedly failed to assist Sykes in fastening his seatbelt, which Sykes was unable to do alone due to his restraints, and then drove the van recklessly and above the speed limit prior to the incident. (*Id.*). This caused Miller to aggressively engage the brakes, which caused Sykes to be thrown to the floor of the van, suffering a neck injury. (*Id.*).

Sykes alleges that upon returning to the St. Clair County Jail, he was not seen by medical staff for his injuries despite sending medical requests and filing grievances about his neck injury. (*Id.*). He states that "[m]edical staff and jail staff acted in a concerted effort to deny me access to medical care." (*Id.*). Additionally, he alleges that jail medical staff includes LPNs and RNs, but no licensed physicians, and that his requests to see a physician or specialist went unanswered. (*Id.*, PageID.54). He contends that he did not receive a medical exam within fourteen days of incarceration as required according to the inmate handbook, and that he in fact had no medical exam whatsoever until he was transferred to the Sanilac County facility, where he arrived on March 24, 2020 and was seen two days later. (*Id.*, PageID.55). There, he was diagnosed as having whiplash and other injuries consistent with his neck trauma suffered during the February 18, 2020 incident. (*Id.*).

Sykes asserts that Corizon is liable for his pain and suffering caused by the medical staff's deliberate indifference to his neck injury, and for denying him access to medical care following the injury. (ECF No. 10, PageID.50). Corizon moves to dismiss, arguing that Sykes has not sufficiently pled a Corizon policy that is facially unconstitutional, facts indicating that Corizon acted under such a policy with deliberate indifference, or an unconstitutional custom of acquiescence or inaction on the part of Corizon. Sykes did not address these arguments in his

3

response, but later filed a "Motion for Clarification on *Monell* Claims" arguing that Corizon should be held liable based on the practice of acquiescence or inaction to the medical needs of inmates. (ECF No. 47). Sykes also contends in the latest proposed amended complaint that Corizon's and St. Clair County's lack of a written policy and their practice of denying and ignoring inmates' medical requests renders them liable for Sykes' injuries, and that proposed defendant Cheslik was also responsible in her role as Health Services Administrator. (ECF No. 52).

### III. Standard for Dismissal

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action ..."). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.

at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

IV. Analysis

A. Corizon's Motion to Dismiss

1. Legal Standard

"Under § 1983, there is no *respondeat superior* or vicarious liability." *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013). "When suing an individual actor . . . for constitutional violations under § 1983, a plaintiff must demonstrate that the actor 'directly participated' in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." *Id.* "To prove acquiescence, it is not enough to show that the actor merely failed to act against misconduct of which he was aware." *Id.*

Corizon contracted with St. Clair County to provide medical services to jail inmates, a traditional state function. Therefore, it is subject to liability under § 1983 in the same way a municipality is subject to liability. *Winkler v. Madison Cty.,* 893 F.3d 877, 904 (6th Cir. 2018). Municipalities cannot be held liable under § 1983 solely for the acts of their agents; they are accountable under that

5

statute for their own conduct. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "When suing a municipality . . . for constitutional violations under § 1983, a plaintiff must prove that the deprivation occurred pursuant to a municipal 'policy or custom.'" *Flagg*, 715 F.3d at 174. "A plaintiff must show a direct causal link between the custom and the constitutional deprivation; that is, she must show that the particular injury was incurred because of the execution of that policy." *Baynes v. Cleland*, 799 F.3d 600, 620 (6th Cir. 2015) (quotation marks and citation omitted). "To show the existence of a municipal policy or custom leading to the alleged violation, a plaintiff can identify: (1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance of acquiescence of federal violations." *Id*.

"If no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983." *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001).

2. Application

Corizon argues that Sykes has failed to make allegations in his complaint that would satisfy the *Monell* requirements for municipal liability. As noted above, Sykes did not address this argument in his response, but did so in a motion made months later. (ECF No. 47). Because his motion lacks authority under which to

grant Sykes any relief, the undersigned recommends its denial. However, for the sake of completeness, the undersigned shall consider the arguments in Sykes' motion for clarification regarding Corizon's motion to dismiss. The undersigned shall also consider whether these concerns are addressed by Sykes' proposed amended complaint, which he submitted over five months after Corizon's motion. (ECF No. 52).

To plead sufficiently that a defendant had a custom of acquiescence or inaction, a plaintiff must allege:

> (1) "a clear and persistent" pattern of unconstitutional conduct by [Corizon's] employees; (2) [Corizon's] "notice or constructive notice" of the unconstitutional conduct; (3) [Corizon's] "tacit approval of the unconstitutional conduct, such that [its] deliberate indifference in [its] failure to act can be said to amount to an official policy of inaction"; and (4) that the policy of inaction was the "moving force" of the constitutional deprivation, such that the plaintiff's constitutional injury was directly caused by the conduct of [Corizon] rather than simply by the conduct of [its] employee.

*D'Ambrosio v. Marino*, 747 F.3d 378, 387-88 (6th Cir. 2014) (quoting *Doe v. Claiborne Cty.*, 103 F.3d 495, 508 (6th Cir. 1996)). "The evidence must show that the need to act is so obvious that the [defendant's] 'conscious' decision not to act can be said to amount to a 'policy' of deliberate indifference to [Sykes'] constitutional rights." *Doe*, 103 F.3d at 508 (applying standard to high school student's claim for deliberate indifference sexual abuse). To be found liable, Corizon "must be engaging in a custom that harms plaintiff's rights and do so in a

7

deliberate fashion." *Greene v. Crawford Cty.*, No. 18-11008, 2020 WL 3469172, at *22 (E.D. Mich. June 25, 2020).

In his motion for clarification, Sykes argues that the amended complaint sufficiently pleads facts alleging an unconstitutional custom, the practice of acquiescence or inaction by Corizon. (ECF No. 47, PageID.318). To show this practice, Sykes notes that he filed a total of ten medical requests and grievances following his automobile injury that were ignored. (*Id.*, PageID.320). Sykes also asserts that Corizon conducts audits of medical requests, that his is not an isolated incident, and that Corizon's inaction during on-site audits is a common practice of theirs. (*Id.*, PageID.320-321). However, these are no more than conclusory allegations and they do not appear in the operative complaint or the proposed second amended complaint.

Sykes does not plead a clear and consistent pattern of unconstitutional conduct. Though assumed to be true at this stage of analysis, the medical staff's continued and willful ignorance of his need for medical care is considered a single instance, not a pattern of unconstitutional conduct. *Preston v. Cty. of Macomb*, No. 18-12158, 2019 WL 9899918, at *12 (E.D. Mich. Feb. 19, 2019) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 763 (6th Cir. 2006)). And Sykes has failed to allege any other instances of tolerance of acquiescence of federal violations on the part of Corizon.

8

Sykes has also failed to allege facts that would allow for an inference of notice, constructive notice, or tacit approval of the alleged unconstitutional conduct by Corizon. His allegation of on-site audits by Corizon does not appear in the operative complaint, but would still fall short of meeting this requirement without more.

Lastly, Sykes alleges a written policy that "medical exam for all inmates will take place within 14 days of incarceration." (ECF No. 10, PageID.54; ECF No. 47, PageID.321). He claims that despite this policy, he had never had a medical exam at the St. Clair County Jail. (*Id*.). Yet he does not dispute that he was seen on February 16, 2020, two days prior to his automobile injury. (ECF No. 10, PageID.52-53). Though this of course would not excuse the alleged lack of care for his neck injury, it cuts against a claim that there is a custom of not following the policy to provide medical exams for new inmates. For these reasons, the undersigned recommends that Corizon's motion to dismiss for failure to state a claim be granted.

### B. Sykes' Motion for Leave to Amend

In the proposed second amended complaint, Sykes makes additional allegations against Corizon and against new defendants, Cheslik and St. Clair County, regarding the pattern and practice of denying adequate medical care to inmates. (ECF No. 52, PageID.361-366, 370, 374). Corizon argues that Sykes'

motion for leave to amend should be denied because the claims in the proposed second amended complaint fail to state a claim and therefore amendment would be futile. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted).

As to Corizon and Cheslik, Sykes' new allegations still fail to properly plead a custom or practice of acquiescence or inaction, instead only amounting to a single instance of alleged misconduct. *See Preston v. Cty. of Macomb*, 2019 WL 9899918 at *12. A pattern of misconduct cannot be shown "solely from the mistreatment of the plaintiff." *Nouri v. Cty. of Oakland*, 615 F. App'x 291, 296 (6th Cir. 2015). *See also Northington v. Abdellatif*, No. 16-12931, 2018 WL 3688665, at *10 (E.D. Mich. Aug. 3, 2018) (requiring allegations of "a pervasive pattern of such conduct that affected inmates other than Plaintiff himself."); *Epperson v. City of Humboldt, Tenn.*, 140 F. Supp. 3d 676, 685 (W.D. Tenn. 2015) ("When the plaintiff has none but his own experience upon which to rely, a sufficient claim against the municipality has not been made.") (citing *Nouri*)). For these reasons, the proposed amended complaint would be futile as to Corizon and supervisory liability against Cheslik.

The proposed second amended complaint also appears to contain a direct claim of deliberate indifference and gross negligence against Cheslik, which would

10

be an individual capacity claim. Such a claim, however, is also futile. Sykes alleges that Cheslik denied his grievance for medical care on February 20, 2020, as he had already been seen on February 16, 2020 for a different condition. (ECF No. 52, PageID.374). Sykes contends that this "made no common sense," as he did not injure his neck until February 18, 2020. (*Id.*). But this allegation alone does not rise to the level of deliberate indifference, which lays "somewhere between the poles of negligence at one end and purpose or knowledge at the other" and is akin to "recklessly disregarding [the substantial] risk" of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Further, he has failed to allege that Cheslik had "a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. Moreover, Sykes alleges no specific unconstitutional conduct by Cheslik; his theory of liability seems to arise from her position as Health Services Administrator and her status as the "top channel" for medical request and grievance responses. (ECF No. 52, PageID.363, 365). Overall, Sykes has not alleged a plausible claim against Cheslik based on either an official or individual capacity.

Sykes also fails to state a plausible claim against St. Clair County. As with Corizon, Sykes' allegations against St. Clair County are vague and based on its "policies, customs, and practices." (*Id.*, PageID.361). He alleges municipal liability due to lack of a written policy that would permit medical care, as with Corizon, as well as allowing Corizon to institute the practice of denying medical

11

care to inmates. (*Id.*, PageID.364). As explained above, these allegations fail to meet the *Monell* requirements. In short, his claims against St. Clair County fail for the same reasons that his claims against Corizon fail.

In sum, allowing Sykes to proceed on the proposed second amended complaint would be futile, as the supplemented allegations against Corizon, St. Clair County, and Cheslik fail to state a claim. The undersigned therefore recommends that Sykes' motion for leave to amend the complaint be denied.

## V. Conclusion

Accordingly, for the reasons stated above, the undersigned recommends that defendants' motion to dismiss (ECF No. 24) be **GRANTED**, and that Sykes' motions (ECF Nos. 47, 51) be **DENIED**.

Dated: February 23, 2021          s/Kimberly G. Altman
Detroit, Michigan         KIMBERLY G. ALTMAN
        United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2021.

s/Marie E. Verlinde  
MARIE E. VERLINDE  
Case Manager