UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIAN TREVOR SYKES,

     Plaintiff,

v.

TIM DONNELLON, A. MILLER, and
CORIZON HEALTH CORPORATION,

     Defendants.

Case No. 2:20-cv-10689
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT (ECF No. 73), DISMISS *SUA SPONTE*
DEFENDANTS DONNELLON AND MILLER, AND DENY AS MOOT
PLAINTIFF'S MOTION FOR SCHEDULING ORDER (ECF No. 99)**

I.  Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  On May 14,

2020, plaintiff Dorian Sykes, proceeding *pro se* filed an amended complaint,

alleging that defendants St. Clair County Sheriff Tim Donnellon, Officer A. Miller,

and Corizon Health Corporation violated his constitutional rights.[1]  (ECF No. 10).

Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned

_____

[1] Sykes named Jail Administrator Tracy Decaussin in his original complaint but not
in his amended complaint.  Accordingly, Decaussin was terminated from the case.
*See* ECF No. 15.

1

(ECF No. 42).  Corizon has been dismissed for Sykes' failure to plead municipal liability as dictated by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). (ECF No. 65, report and recommendation adopted, ECF No. 79).  Further, Sykes' motion to add claims against Corizon and to add St. Clair County and Corizon employee K. Cheslik, RN-HSA to the complaint was denied.  (*Id.*).

Sykes now moves for summary judgment against the remaining defendants, Donnellon and Miller (defendants), based on the facts in his verified complaint. (ECF No. 73).  Defendants respond, asking the Court to deny Sykes' motion and to grant summary judgment in their favor under Rule 56(f)(1).[2]  (ECF No. 84).  On May 10, 2021, Sykes mailed notice to the Court that he had sent a reply to the Court, but to date no reply has been received.  (ECF No. 97).  Thus, the matter is ready for decision.

For the reasons that follow, the undersigned recommends that Sykes' motion be **DENIED**.  The undersigned further recommends that defendants' request for summary judgment under Rule 56(f)(1) be **DENIED**, but that defendants be DISMISSED *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.  Finally, the undersigned recommends that should this recommendation be

---

[2] Donnellon and Miller previously moved to dismiss based on an abuse of judicial process (ECF No. 31).  The undersigned issued a report and recommendation recommending that the motion be denied, ECF No. 50, which was adopted, ECF No. 68.

adopted, Sykes' pending motion for a scheduling order (ECF No. 99) be **DENIED** as moot.

## II. Background

In the amended complaint, Sykes alleges that he suffered a neck injury as a passenger in the St. Clair County Jail transport van on February 18, 2020 after Miller, who was driving the van, slammed on the brakes due to traffic. (ECF No. 10, PageID.51). Miller allegedly failed to assist Sykes in fastening his seatbelt, which Sykes was unable to do alone due to his restraints, and then drove the van recklessly and above the speed limit prior to the incident. (*Id*.). This caused Miller to aggressively engage the brakes, which caused Sykes to be thrown to the floor of the van, suffering a neck injury. (*Id*.).

Sykes alleges that upon returning to the St. Clair County Jail, he was not seen by medical staff for his injuries despite sending medical requests and filing grievances about his neck injury. (*Id*.). He states that "[m]edical staff and jail staff acted in a concerted effort to deny me access to medical care." (*Id*.). Additionally, he alleges that jail medical staff includes LPNs and RNs, but no licensed physicians, and that his requests to see a physician or specialist went unanswered. (*Id*., PageID.54). He contends that he did not receive a medical exam within fourteen days of incarceration as required according to the inmate handbook, and that he in fact had no medical exam whatsoever until he was transferred to the

3

Sanilac County facility, where he arrived on March 24, 2020 and was seen two days later. (*Id.*, PageID.55). There, he was diagnosed as having whiplash and other injuries consistent with his neck trauma suffered during the February 18, 2020 incident. (*Id.*).

In moving for summary judgment, Sykes asserts that Miller is liable for Sykes' neck injury because he did not secure Sykes with a seatbelt, drove recklessly and above the speed limit, and stopped suddenly, causing Sykes to fall. (ECF No. 73, PageID.452). Sykes further asserts that Miller did not take necessary action to have him assessed by medical personnel, in order to conceal the incident. (*Id.*). As for Donnellon, Sykes asserts that he is responsible for the transport vehicle in which Sykes was injured, has allowed the "practice" of inmates being denied medical care to persist, and lacks an oversight policy for when inmates are denied medical care. (*Id.*, PageID.451-452).

Defendants respond that Miller's actions are shielded by qualified immunity, and that Sykes has not sufficiently pled a policy or custom, or any personal action, that would render Donnellon liable for his injury. (ECF No. 84).

### III. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists...." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The nonmoving party "must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must ... do more than simply show that there is some metaphysical doubt as to the material facts[.] ... [T]here must be evidence upon which a reasonable jury could return a verdict in

favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted). "Such evidence submitted in opposition to a motion for summary judgment must be admissible." *Alexander*, 576 F.3d at 558 (internal quotation marks and citations omitted). In other words, summary judgment is appropriate when the motion "is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case[.] ..." *Stansberry*, 651 F.3d at 486 (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The fact that Sykes is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, ... 'the liberal pleading standards under *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.' " *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (*quoting Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010);

*see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a pro se plaintiff because he "failed to present any evidence to defeat the government's motion").

### IV. Analysis

#### A. Sykes' Motion for Summary Judgment Should Be Denied

As an initial matter, Sykes swore to the statements in the complaint under penalty of perjury, with date and signature as required under 28 U.S.C. § 1746, giving the complaint "the same force and effect as an affidavit." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). However, where a plaintiff moves for summary judgment on a claim for which he bears the burden of proof at trial, he faces a 'significantly higher hurdle.' " *Horton v. Greene*, No. 16-CV-12715, 2019 WL 1552480, at *2 (E.D. Mich. Apr. 10, 2019) (quoting *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002)). The summary judgment burden here is "higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001) (quoting 11 James William Moore et al., Moore's Federal Practice § 56.13[1], at 56–138 (3d ed. 2000)).

Sykes' verified complaint, alone, is insufficient to satisfy this burden. His uncorroborated statements do not satisfy the standard for evidence that no

reasonable jury would be free to disbelieve.  Furthermore, defendants have

submitted evidence that bring Sykes' statements into question, including a

response one day after his medical grievance was submitted requesting information

on his symptoms.  (ECF No. 84, PageID.494 (citing ECF No. 84-8)).  Sykes did

not respond to this request for information until two days later, potentially delaying

his own treatment.  (ECF No. 84-9).  He also refused to be seen by a nurse, insisted

on being seen by a physician, and refused pain medication on several instances.

(ECF No. 84, PageID.495 (citing ECF No. 84-11, 84-12)).  Sykes was then

evaluated on February 23, 2020, four days after his injury, but refused further

clinical services on February 26, 27, 28, and 29, and March 2 and 7, 2020, and was

transferred to Sanilac County Jail on March 24, 2020.  (ECF No. 84-14, 84-15, 84-

16, 84-17, 84-18).

     Based on this record, Sykes cannot show that there is no genuine issue of

material fact that he suffered deliberate indifference at the hands of the medical

staff at St. Clair County Jail.  "The law in this Circuit is clear that mere differences

of opinion or disagreements between a prisoner and prison medical staff over the

kinds of treatment a prisoner needs are not sufficient to rise to the level of

deliberate indifference." *August v. Caruso*, No. 12-13775, 2013 WL 5291577, at

*11 (E.D. Mich. Sept. 19, 2013), *report and recommendation adopted,* 2013 WL

6816472 (E.D. Mich. Dec. 24, 2013) (citing *Umbarger v. Corr. Med. Servs.,* 93 F.

App'x 734, 736 (6th Cir. 2004)).  Moreover, as will be explained below, he has

failed to state a viable claim against either Donnellon or Miller.  This also

precludes summary judgment in his favor.  For those reasons, Sykes' motion for

summary judgment should be denied.

B.  Defendants' Request for Summary Judgment is Improper

Defendants have not moved for summary judgment, but have instead in their

response indicated that the Court should grant summary judgment to defendants

*sua sponte* under Federal Rule of Civil Procedure 56(f)(1).  (ECF No. 84,

PageID.492, 501, 505-506).  This is improper.  The rule provides "[a]fter giving

notice and a reasonable time to respond, the court may (1) grant summary

judgment for a nonmovant."  Fed. R. Civ. P. 56(f)(1).  No such notice has been

given.  As such, summary judgment is not available.  *See Reeves v. Salisbury*, No.

11-CV-11830, 2012 WL 4006538, at *4 (E.D. Mich. Aug. 16, 2012), *report and

recommendation adopted,* 2012 WL 4017949 (E.D. Mich. Sept. 12, 2012).

Moreover, the Court's local rules preclude seeking summary judgment in this

fashion.  Under the local rules, "a response or reply to a motion must not be

combined with a counter-motion."  E.D. Mich. ECF Pol. & Pro. R 5(d).

Defendants did not file a counter-motion.

However, where plaintiff is proceeding *in forma pauperis*, as is the case

here, the Court "shall dismiss the case at any time" if it determines that the action

is frivolous, malicious, or fails to state a claim.  28 U.S.C. § 1915(e)(2)(B).

Though not moving for dismissal, defendants have argued that Sykes failed to state

a claim against Donnellon, and that Miller is protected by qualified immunity.

These arguments have equipped the Court to assess whether Sykes' claims against

Donnellon and Miller should be dismissed.

### C. Defendants are Entitled to *Sua Sponte* Dismissal

#### 1.  General

To avoid dismissal, "a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim

need not contain "detailed factual allegations," but it must contain more than

"labels and conclusions" or "a formulaic recitation of the elements of a cause of

action ..."). Facial plausibility is established "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citation omitted).  "The

plausibility of an inference depends on a host of considerations, including common

sense and the strength of competing explanations for the defendant's conduct."

*16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir.

2013).  The dismissal standard articulated in *Iqbal* and *Twombly* also governs

dismissals for failure to state a claim under § 1915(e)(2)(B)(ii).  *Hill v. Lappin*, 630

F.3d 468, 470–71 (6th Cir. 2010).

The Court must "construe the complaint in the light most favorable to

plaintiff and accept all allegations as true."  *Keys v. Humana, Inc.*, 684 F.3d 605,

608 (6th Cir. 2012).  Furthermore, the Court holds *pro se* complaints to "less

stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*,

404 U.S. 519, 520 (1972).  However, even in pleadings drafted by pro se parties, "

'courts should not have to guess at the nature of the claim asserted.' "  *Frengler v.

Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*,

891 F.2d 591, 594 (6th Cir. 1989)).  Moreover, "courts may not rewrite a

complaint to include claims that were never presented ... nor may courts construct

the Plaintiff's legal arguments for him.... [N]either may the Court 'conjure up

unpled allegations[.]' "  *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766

(E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder,

M.J.).

To state a claim under § 1983, a complaint must allege that persons acting

under color of state law caused the deprivation of a federal statutory or

constitutional right.  *Barber v. Overton*, 496 F.3d 449, 453 (6th Cir. 2007).

Regarding dismissal pursuant to qualified immunity, the Sixth Circuit has recently

adopted an approach from the Ninth Circuit, under which "a court may *sua sponte*

dismiss a prisoner's claim on qualified immunity grounds, but only if it is clear from the complaint that the plaintiff can present no evidence that could overcome a defense of qualified immunity." *Small v. Brock*, 963 F.3d 539, 543 (6th Cir. 2020) (quoting *Chavez v. Robinson*, 817 F.3d 1162, 1169 (9th Cir. 2016)) (cleaned up).

## 2. Claims Against Donnellon

"Under § 1983, there is no *respondeat superior* or vicarious liability." *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013). "When suing an individual actor . . . for constitutional violations under § 1983, a plaintiff must demonstrate that the actor 'directly participated' in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." *Id.* "To prove acquiescence, it is not enough to show that the actor merely failed to act against misconduct of which he was aware." *Id.*

As the Supreme Court has noted, "[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell, supra,* local government units can be sued directly for damages and injunctive or declaratory relief."[3] *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Sykes' suit against Donnellon essentially serves as a claim against the municipality Donnellon represents. Municipalities cannot be held liable under § 1983 solely for

---

[3] Sykes has brought both official and individual capacity claims against Donnellon.

12

the acts of their agents; they are accountable under that statute for their own conduct. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691 (1978). "When suing a municipality . . . for constitutional violations under § 1983, a plaintiff must prove that the deprivation occurred pursuant to a municipal 'policy or custom.' " *Flagg*, 715 F.3d at 174. "A plaintiff must show a direct causal link between the custom and the constitutional deprivation; that is, she must show that the particular injury was incurred because of the execution of that policy." *Baynes v. Cleland*, 799 F.3d 600, 620 (6th Cir. 2015) (quotation marks and citation omitted). "To show the existence of a municipal policy or custom leading to the alleged violation, a plaintiff can identify: (1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance of acquiescence of federal violations." *Id*.

"If no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983." *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001).

As defendants note, the operative complaint merely asserts that Donnellon is liable for both the "automotive negligence" of Miller and the "deliberate indifference" regarding his medical care, without even a nod to *Monell* liability. (ECF No. 10, PageID.50). In Sykes' motion for summary judgment, he contends

that Donnellon has "allowed the 'practice' of inmates being denied medical care to persist, by partnering with Corizon Health Corporation, and allowing Corizon to deny inmates access to medical care."  (ECF No. 73, PageID.452).  This Court found, regarding Corizon, that:

> Sykes does not plead a clear and consistent pattern of unconstitutional conduct. Though assumed to be true at this stage of analysis, the medical staff's continued and willful ignorance of his need for medical care is considered a single instance, not a pattern of unconstitutional conduct. *Preston v. Cty. of Macomb*, No. 18-12158, 2019 WL 9899918, at *12 (E.D. Mich. Feb. 19, 2019) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 763 (6th Cir. 2006)).

(ECF No. 65, PageID.426, report and recommendation adopted, ECF No. 79).

The same is true here.  Even if the Court were permitted to read the *Monell* allegations from Sykes' summary judgment motion into the complaint, there is no more than a conclusory allegation of any *continuing* municipal conduct beyond the harms suffered by Sykes.  Further, as Sykes has explicitly tied Donnellon's liability to that of Corizon, and Corizon has already been found to have no liability, the law of the case doctrine should preclude reconsideration of this issue against Donnellon.  *See United States v. Todd,* 920 F.2d 399, 403 (6th Cir. 1990) (explaining that this doctrine provides that "a decision on an issue made by a court at one stage of a case should be given effect in successive steps of the same litigation"); *United States v. Moored,* 38 F.3d 1419, 1421 (6th Cir. 1994) ("Under

the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.").

Thus, Sykes' claims against Donnellon fail to allege plausible allegations of supervisory or municipal liability required in order to sustain a claim, and should be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

### 3.  Claims Against Miller

Defendants contend that Sykes has not sufficiently alleged deliberate indifference against Miller, and that he is protected from Sykes § 1983 claim premised upon "automobile negligence"[4] by qualified immunity.

Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

---

[4] It is not entirely clear whether Sykes' claim of "automobile negligence" relating to Miller (or Donnellon, vicariously) is intended to be a § 1983 claim, a pendent state law claim, or both.  Insofar as Sykes has alleged any state law causes of action, "[a]s a rule of thumb ... [w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996*).  See also Castelvetere v. Messer*, 611 F. App'x 250, 256 (6th Cir. 2015) (same).  The Court recommends applying that rule of thumb here.

The Supreme Court has set forth two requirements to show a violation of the Eighth Amendment—one objective and one subjective. "First, the deprivation alleged must be, objectively, 'sufficiently serious,' . . . a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities[.]' " *Farmer*, 511 U.S. at 834 (citations omitted). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Richmond v. Huq*, 885 F.3d 928, 938 (6th Cir. 2018) (quotation marks and citations omitted).

Second, "a prison official must have a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834.

> The subjective component requires a showing that the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety. [T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. An express intent to inflict unnecessary pain is not required. Rather, obduracy and wantonness are required to make a showing of deliberate indifference. [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Richmond*, 885 F.3d at 939 (internal quotation marks and citations omitted).

"[D]eliberate indifference [lays] somewhere between the poles of negligence at one end and purpose or knowledge at the other[.]" *Farmer*, 511 U.S. at 836. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a

substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id*.

Defendants argue that Miller is protected by qualified immunity on these claims, as Sykes has not alleged the violation of a clearly established constitutional right. To overcome qualified immunity, Sykes must allege (1) that his rights were violated and (2) that the violation was "clearly established at the time." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). These questions may be addressed in either order. *See Pearson v. Callahan*, 555 U.S. 223, 236–42 (2009).

Here, defendants cite to two unpublished[5] cases within the Sixth Circuit in which a failure to seatbelt an inmate, combined with recklessly driving over the speed limit, was found to fall short of violating a clearly established constitutional right. In *Young v. Dep't of Corr.*, No. 04-10309, 2007 WL 2214520, at *6 (E.D.

---

[5] Unpublished cases may be relied upon in determining whether constitutional rights are "clearly established." *See McCloud v. Testa*, 97 F.3d 1536, 1555 n. 28 (6th Cir. 1996) ("We recognize that our citation to unpublished cases, especially in the qualified immunity context, where the key inquiry is whether a principle of law is clearly established, may be perceived as problematic. However, the use made of such cases here is appropriate for two important reasons. First, cases the court properly decides not to designate for publication should generally be uncontroversial and establish no new precedent.... Second, ... citations to unpublished cases can be considered as having only the same persuasive force as the hypothetical examples we have devised."); *see also Young v. Dep't of Corr.*, No. 04-10309, 2007 WL 2214520, at *12 (E.D. Mich. July 27, 2007) ("The Ninth Circuit has held that unpublished decisions and the law of other federal jurisdictions may be reviewed in determining whether the law was clearly established.") (citing *Prison Legal News v. Lehman*, 397 F.3d 692, 701–02 (9th Cir. 2005); *Hydrick v. Hunter*, 466 F.3d 676, 690 (9th Cir. 2006)).

Mich. July 27, 2007), the court examined a multitude of cases from other

jurisdictions, as well as case law from the Eighth and Tenth Circuit Courts,

regarding inmates without seatbelts, finding that "the weight of authority from

other circuits, noted above, requires a finding that no Eighth Amendment violation

occurs simply by transporting a prisoner unseatbelted in a prison vehicle."

Defendants in *Young* moved for dismissal despite allegations that defendant

Hightower refused to assist the plaintiff in buckling his seatbelt and then "drove

recklessly at fifteen miles over the speed limit while weaving through traffic,"

causing an accident that led to plaintiff's injury. *Id*. at *1. Taking these facts as

true, the court found that "there are no allegations in the complaint that would

transform this garden-variety automobile negligence claim into a matter of

constitutional dimension." *Id*. at *6.

Similarly, in *Ingram v. Herrington*, No. 4:06-CV-P65-M, 2007 WL

2815965, at *2 (W.D. Ky. Sept. 26, 2007), the plaintiff alleged that he was not

seatbelted into a prison transport van, after which the driver traveled at an

excessive rate of speed, ran a stop sign, and ultimately "slammed on the brakes,"

causing the plaintiff to be thrown from his seat and injured. The officers in the van

then ignored the plaintiff as he reported his injuries, and upon arrival at the

detention center, his request to see the nurse was denied for days. *Id*. The court,

relying on *Young*, found that the plaintiff had failed to establish that his

constitutional rights were violated. *Id*. at \*5.[6] *Cf. Thompson v. Commonwealth of Virginia*, 878 F.3d 89 (4th Cir. 2017) (finding a constitutional violation where inmate was *intentionally* taken on a "rough ride" as retaliation for his grievances and lawsuits, distinguishing *Young* and other cases due to (as here) a lack of intent to injure or punish the plaintiff).

Based on the similar fact patterns in *Young* and *Ingram* and considering the cases cited therein, the Court finds no clearly established constitutional violation in the alleged actions of defendant Miller, and recommends *sua sponte* dismissal of the claims against him for qualified immunity.

## V. Conclusion

Accordingly, for the reasons stated above, the undersigned recommends that Sykes' motion be **DENIED**, that defendants be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, and that should this recommendation be adopted, Sykes' pending motion for a scheduling order (ECF No. 99) be **DENIED** as moot.

Dated: August 31, 2021      s/Kimberly G. Altman
Detroit, Michigan       KIMBERLY G. ALTMAN
           United States Magistrate Judge

---

[6] Defendants also cite *Jabbar v. Fischer*, 683 F.3d 54, 57-58 (2d Cir. 2012), but there, the court found only that failure to seatbelt, "standing alone," did not give rise to a constitutional claim, distinguishing an Eighth Circuit case involving reckless driving.

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2021.

s/Marie E. Verlinde
MARIE E. VERLINDE
Case Manager

21