UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DORIAN TREVOR SYKES,** | 2:20-cv-10689-TGB-KGA |
| Plaintiff, | |
| | HON. TERRENCE G. BERG |
| v. | HON. KIMBERLY G. ALTMAN |
| **TIM DONNELLON, A. MILLER, AND CORIZON HEALTH CORPORATION.,** | **ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 100)** |
| Defendants. | |

This matter is before the Court on a Report and Recommendation by Magistrate Judge Kimberly G. Altman dated August 31, 2021 (ECF No. 100) recommending that that Plaintiff's Motion for Summary Judgment (ECF No. 73) be **DENIED**, that Defendants Donnellon and Miller be **DISMISSED** *sua sponte*, and that Plaintiff's Motion for a Scheduling Order (ECF No. 99) be **DENIED AS MOOT**.

Plaintiff filed his timely objection to the Report and Recommendation on September 13, 2021, and Defendants filed a response on October 1, 2021.

## BACKGROUND

In his Amended Complaint, Plaintiff Dorian Trevor Sykes ("Sykes" or "Plaintiff") alleges that on February 18, 2020 he sustained a neck injury while being transported by van to the St. Clair County Jail. ECF

1

No. 10, PageID.51-52. Sykes alleges that Officer A. Miller ("Miller") and his partner refused to help Sykes buckle his seatbelt, and that he was unable to buckle his seatbelt on his own because of his restraints. *Id.* Sykes alleges that he was thrown from his seat onto the floor of the van when Miller, who was driving the van above the speed limit, "slammed on the brakes" because of traffic on the expressway. *Id.*

Sykes alleges that, when he arrived at the jail, he told Miller that he had been injured, and Miller assured Sykes that Miller would "have medical take a look at [Sykes.]" *Id.* at PageID.52. When Sykes returned to his housing unit, he submitted a request for medical assessment as well. *Id.* But, Sykes alleges, no one from the jail's medical staff ever examined him. *Id.* Approximately a month later, on March 24, 2020, Sykes was transferred to the Sanilac County Jail. *Id.* at PageID.55. Two days after that, during an initial medical exam, Sykes was diagnosed with whiplash and other injuries consistent with neck trauma suffered during the February 18 incident. *Id.* Sykes was ultimately prescribed ibuprofen and a muscle relaxant. *Id.* at PageID.66-67.

## I.   STANDARD OF REVIEW

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1). On September 13, 2021, Plaintiff filed an Objection (ECF No. 101) to the Report and

2

Recommendation, and Defendants filed a response (ECF No. 102) on October 1, 2021 and a supplemental response (ECF No. 103) on October 5, 2021.

The district court will make a "*de novo* determination of those portions of the report . . . to which objection is made." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where neither party objects to the report, the district court is not obligated to independently review the record. *See Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

## III.   DISCUSSION

The Court understands Sykes to be raising two objections to the Report and Recommendation that relate only to Defendant Miller. Specifically, that it erred in concluding: (1) Sykes had not sufficiently alleged a constitutional violation based on Defendant Miller's alleged failure to seek medical attention for Sykes' injuries, and (2)  Defendant Miller was entitled to qualified immunity.

### A. Objection No. 1

Sykes' first objection—that the Report and Recommendation erroneously concluded Sykes had not sufficiently alleged a constitutional violation—appears to center on Miller's conduct after the van incident

and not the van incident itself. Sykes argues that Miller failed to notify the jail's medical staff of Sykes' injury. ECF No. 101, PageID.632, 635-37.

The Eighth Amendment imposes an obligation on the government to "provide medical care for those whom it is punishing by incarceration," *Estelle v. Gamble*, 429 U.S. 97, 103 (1976), and requires that prison officials "take reasonable measures to guarantee the safety of . . . inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal marks and citation omitted). Deliberate indifference to a prisoner's serious medical needs constitutes the "unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104. But not every injury or indignity suffered in prison takes on a constitutional dimension. Instead, "a prison official violates the Eighth Amendment only when two requirements are met." *Farmer*, 511 U.S. at 834. This two-part inquiry consists of an "objective" and a "subjective" component. "First, the deprivation must be, objectively 'sufficiently serious,'" and "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities[.]" *Id.* (internal marks and citation omitted). In the context of indifference to medical needs, "a medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Richmond*

4

*v. Huq*, 885 F.3d 928, 938 (6th Cir. 2018) (internal marks and citation omitted). A medical diagnosis will only suffice to meet the objective prong of Fisher if it is made *before* the allegedly indifferent conduct. *Burgess v. Fischer*, 735 F.3d 462, 477 (6th Cir. 2013).

The second, "subjective" requirement, is that to violate the Eighth Amendment "a prison official must have a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. An official must know of and disregard an excessive risk to inmate health or safety. *Id.* at 837. It should be noted, however, that the Sixth Circuit has recently concluded that this second inquiry is modified somewhat for pretrial detainees, whose claims arise under the Fourteenth Amendment. *See Brawner v. Scott Cty., Tennessee*, 14 F.4th 585 (6th Cir. 2021). Under that modified standard, "a pretrial detainee must prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* at 596-97 (internal citation and marks omitted).

Sykes argues that Miller "assured [Sykes] that [Miller would] have medical take a look at [Sykes]," but did not do so—satisfying the objective component of *Farmer*. ECF No. 101, PageID.633. Sykes further argues that the subjective component of *Farmer* is satisfied because "the fact that [Miller] disregarded Plaintiff's medical needs demonstrates sufficient culpable state of mind." *Id.* Defendant Miller responds that Sykes' claims fail the objective component of the *Farmer* inquiry, because

Sykes' injury had not been diagnosed by a physician, and because the sort of injury Sykes suffered would not have been so obvious that even a lay person would have easily recognized the need for treatment. ECF No. 102, PageID.649. Defendant Miller further argues that Sykes has not presented evidence that Miller recklessly disregarded a risk to Sykes' health and safety. *Id.* at PageID.650.

As to *Farmer's* objective prong, Sykes' injury had not been diagnosed by a physician when Miller allegedly failed to report Sykes' condition to jail medical staff. And Sykes has not shown that his injury— whiplash that was ultimately treated with ibuprofen and muscle relaxers—was so severe that a lay person would "easily recognize the necessity for a doctor's attention." *See, e.g., Burgess v. Fischer*, 735 F.3d 462, 470, 477 (6th Cir. 2013) (bruising, swelling, a small cut, and a broken tooth did not meet objective prong of deliberate indifference inquiry, though a CT scan later revealed jaw and skull fractures requiring surgery); *Hammock v. Rogers*, No. 1:17-CV-1939, 2019 WL 7944420, at *14 (N.D. Ohio Nov. 13, 2019) (report and recommendation adopted, No. 1:17-CV-1939, 2019 WL 6648973 (N.D. Ohio Dec. 6, 2019)) (noting that "[s]uperficial physical conditions, such as minor "cuts, bruising, and swelling" that are treated with ibuprofen are not "serious medical needs" requiring medical treatment" and concluding that minor facial cuts, a swollen lip, and a loose tooth were insufficient to meet objective prong of

deliberate indifference inquiry); *Ingram v. Herrington*, No. 4:06-CV-P65-M, 2007 WL 2815965, at *2 (W.D. Ky. Sept. 26, 2007) (plaintiff failed to meet objective prong of deliberate indifference inquiry against corrections officer where plaintiff was not buckled in prison transit vehicle, was injured when officer applied breaks, was directed by officer to contact jail medical staff and was denied medical care for about a week before ultimately being diagnosed with whiplash).

As to the subjective prong of the *Farmer* inquiry, as modified in *Brawner*, Sykes has not presented evidence that Miller recklessly disregarded any risk to Sykes' health by allegedly failing to pass Sykes' complaint on to the jail medical staff.[1] First, as described above, Sykes has not shown that his injury was so severe that it was clear or should have been clear to Miller that Sykes needed medical attention. Second, Sykes could have, and indeed did, seek medical attention without Miller's assistance, and in fact, medical staff responded to Sykes' request just a day after his initial complaint. ECF No. 10, PageID.52 Therefore, the

---

[1] Sykes was originally sentenced on his underlying convictions on February 15, 2005 to a term of 174 months in prison, to be followed by three years of supervised release. *See United States of America v. Johnson et al*, 2:03-cr-80028-MAG-2 at ECF No. 100, PageID.498-99 (E.D. Mich. 2005). At the time of his injury, Sykes was being held in custody awaiting disposition of a supervised release violation. The Court need not determine whether Sykes was a prisoner (and thus subject to *Farmer*'s standard) or a pretrial detainee (and thus subject to the more lenient standard outlined in *Brawner*), because Sykes' claims fail to satisfy either standard.

Court is not persuaded that Miller demonstrated reckless disregard for Sykes' health, and Sykes has therefore not shown a violation of his Eighth Amendment rights.

### B. Objection No. 2

Sykes also objects to the Report and Recommendation's conclusion that Defendant Miller was entitled to qualified immunity. Sykes concedes that Miller may be shielded by qualified immunity in Miller's official capacity, but Sykes argues he has sued Miller in Miller's personal capacity as well. ECF No. 101, PageID.631-32. But "[q]ualified immunity may be asserted by government officials sued in their individual capacity." *Guest v. Leis*, 255 F.3d 325, 337 (6th Cir. 2001). Therefore, qualified immunity may apply to Sykes' claims against Miller in his individual capacity.

To overcome qualified immunity, a plaintiff must plead facts "showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ouza v. City of Dearborn Heights, Michigan*, 969 F.3d 265, 275 (6th Cir. 2020). The court has discretion to consider either prong of this inquiry first. *Id.* Because, for the reasons explained above, the Court concludes that Sykes has not sufficiently alleged a violation of his constitutional rights, the Court need not consider whether such a

violation was "clearly established." Miller is therefore entitled to qualified immunity.

## CONCLUSION

The Court's *de novo* review of the issues presented compels the conclusion that Defendant Miller is entitled to qualified immunity with respect to Plaintiff's claims. Therefore, in accordance with 28 U.S.C. § 1915(e)(2)(B)(iii), the Court will dismiss Plaintiff's claims, as Plaintiff "seeks monetary relief against a defendant who is immune from such relief." For the reasons set forth herein, Plaintiff's objections are **OVERRULED**.

It is hereby **ORDERED** that Magistrate Judge Altman's Report and Recommendation of August 31, 2021 is **ACCEPTED** and **ADOPTED**.

It is **FURTHER ORDERED** that the Motion for Summary Judgment of Plaintiff Dorian Sykes (ECF No. 73) be **DENIED**.

It is **FURTHER ORDERED** that Plaintiff's claims against Defendant Donnellon and Defendant Miller be **DISMISSED WITH PREJUDICE**.

It is **FURTHER ORDERED** that the Motion for a Scheduling Order of Plaintiff Dorian Sykes (ECF No. 99) be **DENIED AS MOOT**.

It is **FURTHER ORDERED** that this matter is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated:  October 29, 2021    s/Terrence G. Berg

TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE